UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.

ANDREA V. UZCATEGUI ESCALA,
ANNAKARINA UZCATEGUI, and all
others similarly situated under 29 USC
216(b)

    Plaintiffs,

vs.

ICS GROUP, LLC, a Florida Limited
Liability Company, and DENISSE
BETANCOURT GIRALDO,
individually,

    Defendants.
_____/

# **COMPLAINT**

COMES NOW Plaintiffs ANDREA V. UZCATEGUI ESCALA and ANNAKARINA UZCATEGUI, by and through their undersigned attorneys, and hereby sue Defendants, ICS GROUP, LLC., a Florida Limited Liability Company, and DENISSE BETANCOURT GIRALDO, individually, and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of minimum wages and unpaid wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA"). This is also an action to recover unpaid wages under Florida common law.

2. Plaintiffs are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant ICS is a Florida limited liability company which regularly conducted business within the Southern District of Florida. Specifically, ICS performs carpentry and demolition services

6. ICS is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, both of the Plaintiffs, as well as other employees of ICS, would routinely handle or used carpentry and demolition tools and materials on a regular and consistent basis. These carpentry and demolition tools and materials handled or used by Plaintiffs, as well as other employees of ICS, had travelled in interstate commerce. Furthermore, ICS, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. Upon information and belief, the annual gross revenue of ICS was at all times material hereto in excess of $500,000.00 per annum gross annual revenue in excess of $500,000 for the year 2019.

8. By reason of the foregoing, ICS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, GIRALDO, is an "employer," as defined in 29 U.S.C. § 203(d), as she has operational control over the Defendant corporation and is directly involved in

decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant GIRALDO controlled the purse strings for the corporate Defendant. Defendant GIRALDO hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

### ALLEGATIONS AS TO PLAINTIFF ANDREA V. UZCATEGUI

10. Plaintiff ANDREA V. UZCATEGUI was employed by the Defendants as a non-exempt employee who performed duties including carpentry, painting, finishing, and demolition.

11. Plaintiff ANDREA V. UZCATEGUI was employed from on or about August 10, 2019 through on or about November 22, 2019.

12. Plaintiff ANDREA V. UZCATEGUI worked approximately 60 hours per week during the first three weeks of employment, and worked approximately 50 hours per week during the following 9 weeks of employment.

13. Plaintiff ANDREA V. UZCATEGUI was paid $150/day from on or about August 10, 2019 through on or about November 1, 2019. Plaintiff ANDREA V. UZCATEGUI was paid no wages during the period of on or about November 2, 2019 through on or about November 22, 2019.

### ALLEGATIONS AS TO PLAINTIFF ANNAKARINA UZCATEGUI

14. Plaintiff ANNAKARINA UZCATEGUI was employed by the Defendants as a non-exempt employee who performed duties including carpentry, painting, finishing, and demolition.

15. Plaintiff ANNAKARINA UZCATEGUI was employed from on or about August 10, 2019 through on or about November 22, 2019.

16. Plaintiff ANNAKARINA UZCATEGUI worked approximately 60 hours per week during the first three weeks of employment, and worked approximately 50 hours per week during the following 9 weeks of employment.

17. Plaintiff ANNAKARINA UZCATEGUI was paid $150/day from on or about August 10, 2019 through on or about November 1, 2019. Plaintiff ANNAKARINA UZCATEGUI was paid no wages during the period of on or about November 2, 2019 through on or about November 22, 2019.

**COUNT I: UNPAID MINIMUM WAGES**

18. Plaintiffs re-allege and re-aver paragraphs 1 through 17 as fully set forth herein.

19. Plaintiffs were not paid any wages during the last three (3) weeks of Plaintiffs' employment. During one (1) of those aforementioned weeks, Plaintiffs received a dishonored check as the account it was drawn from had insufficient funds.

20. Plaintiffs worked approximately 40 hours per week in each of the three (3) weeks.

21. Plaintiffs demanded that they be paid for the last three (3) weeks of pay on multiple occasions. Defendants failed to pay Plaintiff's wages despite such demands.

22. The FLSA requires that employees be paid a wage not less than $7.25 per hour for each worked. Defendants failed to pay minimum wages to the Plaintiffs.

23. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiffs' work schedule and further aware that Plaintiffs were being paid less than federal minimum wage (as she was being paid nothing). Despite Defendants' having knowledge of Plaintiffs' hours and their failure to pay minimum wages, Defendants did not change

its pay practices and continued to fail to pay the Plaintiffs. Defendants also failed to pay other employees their last paychecks.

24. The similarly situated individuals are those individuals whom were employed by the Defendants as carpenters and demolitionist and whom were not paid their wages, in whole or in part.

25. Plaintiffs have retained the law offices of the undersigned attorneys to represent them in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiffs request compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiffs' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiffs do not recover liquidated damages, then Plaintiffs will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: LIQUIDATED DAMAGES UNDER THE FLSA
### (for late payment)

26. Plaintiffs re-allege and re-aver paragraphs 1 through 17 as fully set forth herein.

27. Plaintiffs worked for Defendants during the period of on or about August 10, 2019 through on or about November 22, 2019.

28. During several weeks of Plaintiffs employment, Defendants would not timely pay Plaintiffs their wages.

29. Plaintiffs were supposed to be paid on a weekly basis. Throughout Plaintiffs' employment, Plaintiffs would receive their paychecks beyond the following pay period and would at times receive their paycheck as much as three weeks after the paycheck was due.

30. The FLSA imposes an obligation to 'promptly pay' employees their wages. Defendants failed to comply with the FLSA by failing to 'promptly pay' the Plaintiffs their wages on the date they were due. Accordingly, Defendants' pay-practices were in violation of the FLSA.

31. The similarly situated individuals are those individuals whom were employed by the Defendants as carpenters and demolitionist and whom were not paid promptly paid their wages, in whole or in part.

32. Plaintiffs have retained the law offices of the undersigned attorneys to represent them in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiffs request liquidated damages, and reasonable attorney's fees and costs from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for wages owed over Plaintiffs' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III: OVERTIME WAGES

33. Plaintiffs re-allege and re-aver paragraphs 1 through 17 as fully set forth herein.

34. Plaintiffs worked for Defendants during the period of on or about August 10, 2019 through on or about November 22, 2019.

35. Plaintiffs were not paid overtime wages when they worked more than 40 hour per week. Accordingly, Plaintiffs claim the halftime rate for each hour worked over 40 hours weekly.

36. Defendants were required to pay Plaintiffs their overtimes wages. Plaintiffs were not paid overtime wages at a rate of time and one half, when they worked more than 40 hours per week.

37. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay them at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

38. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiffs' work schedule and further aware that Plaintiffs were working more than 40 hours per week. Defendants were aware of Plaintiffs' pay records and the rate that they were being paid for their hours. Defendants paid their employees a daily rate in order to avoid the appearance of payment of overtime. Upon information and belief, Defendants pay other employees in the same manner. Despite Defendants' having knowledge of Plaintiffs' hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiffs, and those similarly situated, the overtime wages that were due. Thus, Defendants continue to willfully violate the FLSA.

39. The similarly situated individuals are those individuals whom were employed by the Defendant as carpenters and demolitionist and whom were not paid their wages, in whole or in part.

40. Plaintiffs have retained the law offices of the undersigned attorneys to represent them in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiffs request compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiffs do not recover liquidated damages, then Plaintiffs will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT IV: UNPAID WAGES
## (as to ICS GROUP, LLC only)[1]

41. Plaintiffs re-allege and re-aver paragraphs 1 through 17 as fully set forth herein.

42. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over the unpaid wage claim as the claim is so related to the FLSA claims that they form a single case or controversy. All counts raised relate to Plaintiffs being paid less than the required wages for work performed. In particular, Count IV is raised in the alternative to Count I for unpaid for minimum wage. Counts I and III are identical in all respects (i.e. the same hours claimed, the same work claimed) except that Plaintiffs seeks the higher contracted rate, as opposed to the federal minimum wage rate.

43. Plaintiffs were employed by the Defendant ICS, as non-exempt employees who performed duties including carpentry, painting, finishing, and demolition.

44. Plaintiffs were employed from on or about August 10, 2019 through on or about November 22, 2019.

---

[1] Count IV (unpaid wages) is raised in the alternative to Count I (minimum wages).

45. Plaintiffs were not paid any wages during the last three (3) weeks of Plaintiffs' employment. During one (1) of those aforementioned weeks, Plaintiffs received a dishonored check as the account it was drawn from had insufficient funds.

46. Plaintiffs and Defendant OMEL entered into an employment agreement which required Plaintiffs to be paid a rate of 150.00 per day.

47. Plaintiffs worked approximately 5 days per week in each of the last three (3) weeks of employment.

48. Plaintiffs demanded that they be paid for the last three (3) weeks of pay on multiple occasions. Defendants failed to pay Plaintiffs' wages despite such demands.

49. Plaintiffs dutifully performed the work that was tasked and Defendant ICS accepted the benefits of her work.

50. Defendant ICS breached the employment agreement by failing to pay Plaintiffs for the last three (3) weeks of Plaintiffs' employment.

51. Plaintiffs have retained the law offices of the undersigned attorneys to represent them in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiffs request compensatory damages for each hour that Plaintiffs worked and were not paid any wages from Defendant ICS, recovery of reasonable attorney's fees and costs to be determined by the court pursuant to Fla. Stat. §448.08, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiffs and those similarly-situated demand a trial by jury of all issues triable as of right by jury.

Dated: January 8, 2020

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561